# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TODD W.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-457**    (Fam. Ct. Jefferson Cnty. Case No. FC-19-2019-D-113)

**JENNIFER W.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Todd W.[1] ("Husband") appeals the Family Court of Jefferson County's November 16, 2025, final order that denied his motion to reconsider the court's April 16, 2025, order that held Husband in contempt for failing to comply with the parties' July 2019 divorce agreement. Respondent Jennifer W. ("Wife") filed a summary response in support of the family court's order.[2] Husband did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were divorced by final order on July 30, 2019, which incorporated the parties' Memorandum of Agreement ("Agreement") dated July 21, 2019. Relevant to this appeal, Husband agreed to pay Wife $15,000 within twelve months of the divorce order's entry, pursuant to the following:

> Payment. Husband agrees to make a payment to the wife in the amount of $15,000.00. This amount shall be paid within twelve months of the adoption of this agreement by the court. The parties agree that considering the marital portion of the 401(k) accounts, the debts, the marital residence, this payment

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Husband is represented by Cameron T. LeFevre, Esq. Wife is represented by Kirk H. Bottner, Esq.

1

and the personal property, the division set forth herein constitutes a fairly equal distribution of the marital property and debts.

In a separate provision of the Agreement regarding the marital home, the parties agreed to the following:

> Real Estate. The parties agree that the husband shall take the residence as his own and shall, from the date of this agreement forward, be solely and exclusively responsible for any and all maintenance costs, taxes, payments or fees. The husband shall refinance the property solely in his own name no later than six months from the date of the adoption of this agreement by the court. In the event that the husband fails to refinance the property, it shall be sold and he may retain the proceeds, less $60,000.00 paid to the wife for her share of equitable distribution as set forth herein.

On December 26, 2024, Wife filed a Rule to Show Cause alleging that Husband had not paid her the $15,000 equalization payment pursuant to the final divorce order. The family court heard Wife's petition on April 10, 2025, and by order entered April 16, 2025, the family court found Husband in contempt of the final divorce order for failing to pay Wife the agreed-upon $15,000. The court ordered that Husband could purge himself from contempt by paying Wife $15,000 within ninety days of the April 10, 2025, hearing, which required Husband to pay in full by July 9, 2025. The court also ordered Husband to pay Wife's attorney fees in the amount of $3,000 within the same time frame.

On May 16, 2025, Husband filed a motion to reconsider the family court's April 16, 2025, order holding him in contempt. Husband based his motion on newly discovered evidence; specifically, Husband alleged that he had new evidence to show that he paid Wife $60,000 on September 25, 2019. He maintained that he paid Wife $15,000 when he paid her $60,000 and that the court should reconsider its April 16, 2025, contempt ruling and judgment.

On October 30, 2025, the family court held a final hearing on Husband's motion for reconsideration. By order entered November 16, 2025, the family court denied Husband's motion. The November 16, 2025, order found that Husband's knowledge of the $60,000 payment and the existence of evidence regarding that payment existed well before the April 10, 2025, contempt hearing. The order went on to find that the Agreement indicated that Husband agreed to pay Wife $60,000 within six months of the agreement. The court explained that Husband took a cash out refinance loan on the former marital home and tendered said $60,000 check dated September 25, 2019, through the closing agent to Wife. The court found that Husband clearly believed the Agreement required him to pay Wife $60,000 within six months pursuant to the "Real Estate" paragraph of their agreement.

2

The family court's order went on to recite the "Payment" paragraph of their agreement where Husband agreed to pay Wife $15,000 within twelve months of the court's adoption of their agreement. The court explained that this amount fairly equalized their marital distribution and even discussed the meaning of the punctuation contained within the paragraph. The court found that Wife testified that Husband informed her during the initial divorce proceedings that he did not have the $15,000 to pay her at that time but had no knowledge that Husband thought he did not owe her $15,000 until he filed his motion for reconsideration on May 16, 2025. The court determined that Husband's arguments in support of his motion to reconsider the April 16, 2025, order were not valid, that no new evidence was produced to warrant a reconsideration of the April 16, 2025, order, that Husband had failed and refused to pay Wife's attorney fees, and that Husband's motion was an attempt to relitigate facts that were previously adjudged and ordered at the April 10, 2025, contempt hearing. As such, the family court denied Husband's motion to reconsider the April 16, 2025, order, and upheld its decision. The November 16, 2025, order also required Husband to pay an additional $1,000 to Wife in attorney's fees. The family court ordered Husband to immediately pay Wife $15,000 from the 2019 equitable distribution agreement and $4,000 total for her attorney's fees. Wife was also ordered to file a Rule to Show Cause regarding Husband's failure to pay her attorney's fees in the amount of $3,000 that the court had previously ordered. This November 16, 2025, order denying Husband's motion to reconsider is the order from which Husband now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband argues four assignments of error. However, because they are related, we have consolidated part of his second assignment of error with his first. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling). First, Husband asserts that the family court clearly erred by finding that he failed to produce any new evidence in support of his motion for reconsideration and abused its discretion by failing to consider the new evidence. We disagree.

3

Motions for reconsideration are governed by West Virginia Code § 51-2A-10 (2001). Subsection (a) of that code provides that,

> [a]ny party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) *newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision*; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

(Emphasis added). The newly discovered evidence Husband offered at the October 30, 2025, hearing in support of his motion was a check to Wife in the amount of $60,000 dated September 25, 2019. However, Husband failed to demonstrate that evidence of the $60,000 check could not have been available at the time of the April 10, 2025, hearing despite his due diligence. *See id*. at § 51-2A-10(a)(2). The fact that Husband "did not remember" paying $60,000 to Wife in 2019 at the April 10, 2025, hearing is not sufficient to entitle him to reconsideration. As this Court recently explained, "parties may not utilize a motion for reconsideration as a means to relitigate issues and present evidence that was available to present at the time of the final hearing." *Ford v. Ford*, No. 25-ICA-243, 2026 WL 688282, at *6 (W. Va. Ct. App. Feb. 27, 2026) (memorandum decision); *see Gregory E. v. Roxanna E.*, No. 16-0780, 2017 WL 3868189 (W. Va. Sept. 5, 2017) (memorandum decision) (holding that petitioner failed to explain how the evidence could not have been available at the time the matter was submitted to the court for decision); *see also Kierstyn C. v. Justin B.*, No. 23-ICA-200, 2024 WL 1256070 (W. Va. Ct. App. March 25, 2024) (memorandum decision) (affirming the denial of a reconsideration motion and concluding that the motion was a means to relitigate issues and present evidence that was available to present at the final hearing). Here, the record reveals that the $60,000 check was written in 2019, and was available to present at the April 10, 2025, hearing. As such, we find no error or abuse of discretion in the family court's determination that Husband failed to produce newly discovered evidence to warrant reconsideration pursuant to West Virginia Code § 51-2A-10(a)(2).

Next, Husband contends that the family court erred by attempting to modify a ratified property settlement agreement. In support of his argument, Husband maintains that he was only required to pay Wife $15,000 pursuant to their agreement. Husband argues that because the $60,000 amount he paid Wife was "four times over" the $15,000 amount agreed upon, requiring him to pay a total of $75,000 to Wife improperly modifies the parties' ratified property settlement agreement. We are unpersuaded by this argument.

Family courts are entrusted with interpreting contracts incorporated into divorce orders, particularly when provisions are susceptible to multiple reasonable readings. *See*

*Jessee v. Aycoth*, 202 W. Va. 215, 218, 503 S.E.2d 528, 531 (1998). "In order to resolve ambiguity in a contract, the intent of the parties must be ascertained." *Harris v. Harris,* 212 W. Va. 705, 709, 575 S.E.2d 315, 319 (2002). The Supreme Court of Appeals of West Virginia has explained the following:

> If an inquiring court concludes that an ambiguity exists in a contract, the ultimate resolution of it typically will turn on the parties' intent. Exploring the intent of the contracting parties often, but not always, involves marshaling facts extrinsic to the language of the contract document. When this need arises, these facts together with reasonable inferences extractable therefrom are superimposed on the ambiguous words to reveal the parties' discerned intent.

*Lee v. Lee*, 228 W. Va. 483, 486-87, 721 S.E.2d 53, 56-57 (2011) (citing *Fraternal Order of Police, Lodge Number 69 v. City of Fairmont,* 196 W. Va. 97, 101 n.7, 468 S.E.2d 712, 716 n.7 (1996)). During the October 30, 2025, hearing on his motion to reconsider, Husband testified that he did not remember paying Wife $60,000 at the time of the April 10, 2025, contempt hearing. Husband argues here, as he did during the hearing on his motion, that he only agreed to pay Wife $15,000 and that the $60,000 check caused him to pay Wife $45,000 more than they agreed upon. Conversely, Wife testified that she had no knowledge of Husband's position on this matter until she received his motion to reconsider; rather, she testified that Husband informed her during the divorce proceedings that he did not have the $15,000 to pay her at that time, not that he did not owe the additional $15,000.

Considering the parties' opposing arguments in relation to their property settlement agreement, the family court exercised its authority to resolve the issue by examining the parties' conduct. The court explained that the "Real Estate" paragraph indicated that Husband was to pay Wife $60,000 as outlined, *within six months* of the July 30, 2019, divorce order. The court cited the "Payment" paragraph of the parties' agreement that Husband was required to pay Wife $15,000 within twelve months of the divorce order. The court noted that the "Payment" paragraph considered the "marital portion of the 401([k]) accounts, the debts, the marital residence" and explicitly stated that the agreement constituted "a fairly equal distribution of the marital property and debts." The court found that two months after the divorce order was entered, Husband "took a cash out refinance loan on the former marital home and tendered said $60,000 check" to Wife. Further, the court expressed that interpreting the parties' agreement "in the fashion [Husband] desires would result in a fairly unequal distribution of marital property and debts." Based on Husband's actions, the court determined that Husband clearly believed the parties' agreement required him to pay Wife $60,000 within six months of the divorce order pursuant to the "Real Estate" paragraph of their agreement. The court concluded that Husband's argument in support of his motion was not valid and was an attempt to relitigate previous issues. As such, we find that the family court was not attempting to modify the parties' agreement. Rather, the court utilized its authority to interpret the language of the

parties' agreement by discerning their intent. Thus, we are unable to find that the family court clearly erred or abused its discretion.

Next, Husband argues that the family court abused its discretion by awarding Wife attorney's fees because he did not act in bad faith nor engage in wanton, vexatious, or oppressive conduct pursuant to West Virginia Code § 48-1-305(c) (2001).[3] In support of his argument, Husband asserts that absent a contract, statute, or court rule, a prevailing party is generally not entitled to attorney's fees. We are unpersuaded by this argument.

West Virginia Code §§ 48-1-305(a)-(b) (2001) provides, in part, that "[c]osts may be awarded to either party as justice requires . . . ." and "[t]he court may compel either party to pay attorney's fees and court costs reasonably necessary to enable the other party to prosecute or defend the action." Further, the Supreme Court of Appeals of West Virginia has held that "an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion." Syl. Pt. 4, *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996).

Here, the family court previously awarded Wife attorney's fees that Husband had yet to pay eleven months later. The court's November 16, 2025, order memorialized Husband's non-compliance, finding that as of the October 30, 2025, hearing, he had refused to pay Wife's attorney fees as instructed in the April 16, 2025, contempt order. The court's order denying Husband's motion to reconsider awarded Wife an additional $1,000 in attorney's fees to defend the action. Thus, considering the significant deference afforded to family courts and Husband's arguments on appeal, we are unable to find that the family court abused its discretion in its award of attorney's fees. *See Amanda A. v. Kevin T.*, 232 W. Va. 237, 245, 751 S.E.2d 757, 765 (2013) (holding that "a family court's decision is entitled to significant deference.").

Lastly, Husband argues that the family court violated his due process rights by imposing a punitive provision designed to deter him from exercising his right to appeal. The language at issue is as follows: "if this matter is appealed and the Intermediate Court of Appeals affirms this [c]ourt's April 16, 2025, Order; this [c]ourt will grant [Wife's] request to award, to the [Wife], interest on the $15,000 pursuant to the West Virginia

---

[3] West Virginia Code § 48-1-305(c) provides that,

When it appears to the court that a party has incurred attorney fees and costs unnecessarily because the opposing party has asserted unfounded claims or defenses for vexatious, wanton or oppressive purposes, thereby delaying or diverting attention from valid claims or defenses asserted in good faith, the court may order the offending party, or his or her attorney, or both, to pay reasonable attorney fees and costs to the other party.

Supreme Court's annual stated interest rate." However, the only order before this Court for review is the November 16, 2025, order.

This Court recently explained that "[o]rders that are not attached to the notice of appeal are not properly before this Court and will not be considered." *Haddix v. Timms*, No. 25-ICA-142, 2025 WL 3496755, at *3 (W. Va. Ct. App. Dec. 4, 2025) (memorandum decision); *see Goff v. Smith*, No. 23-ICA-299, 2024 WL 4052866, at *4 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision); *see also Gilhuys v. Hardy Cnty. 911 Center*, No. 23-759, 2025 WL 1779845, at *3 n.7 (W. Va. June 27, 2025) (memorandum decision) (finding that this Court properly excluded an order from consideration that was not in the petitioner's notice of appeal). Here, the only order attached to Husband's notice of appeal is the November 16, 2025, order denying his motion for reconsideration. As a result, we decline to consider his last assignment of error; we are without jurisdiction to issue a decision regarding the April 16, 2025, contempt order because it is not properly before this Court.

Based on the foregoing, we affirm the family court's November 16, 2025, order denying Husband's motion for reconsideration.

Affirmed.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White